# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORE CONSTRUCTION SERVICES SOUTHEAST, INC.,**

    **Plaintiff,**

**v.**                                                          **Case No: 6:13-cv-723-Orl-31KRS**

**AMERISURE INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This matter is before the Court on cross motions for summary judgment,[1] the respective responses,[2] and replies.[3] The Court heard arguments on the motions on August 13, 2014. Following the hearing, on August 21, 2014, the Court permitted the Plaintiff to amend its Complaint to conform the pleadings to the evidence. (Doc. 111). Subsequently, the parties conducted additional discovery focused on which of two documents formed the applicable agreement at issue in this case and filed the deposition transcript and exhibits with the Court. (Doc. 116).

---

[1] The cross motions are: Defendant Amerisure Insurance Company's Motion for Summary Judgment (Doc. 60); Plaintiff Core Construction Services Southeast, Inc.'s Motion for Summary Judgment (Doc. 78).

[2] The responses are: Defendant's Response to Plaintiff's Motion (Doc. 81); Plaintiff's Response to Defendant's Motion (Doc. 83).

[3] The replies are: Plaintiff's Reply in Support of its Motion (Doc. 86); Defendant's Reply in Support of its Motion (Doc. 87).

**I.     Background**

This dispute involves an insurance contract issued by Amerisure Insurance Company ("Amerisure") to Tri-Tech Air Conditioning, Inc. ("Tri-Tech"). Tri-Tech was the HVAC subcontractor under a contract with Core Construction Services Southeast, Inc. ("Core") for the construction of a project named "Artisan Club."[4] Core was an additional named insured under the Amerisure/Tri-Tech policy.

The only issue in dispute here is whether the Amerisure policy is primary and non-contributory. Simply put, the parties cannot agree which of two appendixes, designated as "Appendix B" was included in the contract between Tri-Tech and Amerisure. One version of the appendix, the "Primary Coverage Appendix B," includes language indicating that the insurance coverage was primary, and accordingly, Core argues that Amerisure is obligated cover them for the underlying litigation relating to Artisan Club. (*See* Doc. 116-2 at 9). However Primary Coverage Appendix B also includes a reference to an Acorn Park project, rather than Artisans Club—Core argues this is simply a typo. The alternate document "Non-Primary Appendix B" does not have language indicating the coverage is primary, and Amerisure argues that this document records the operative agreement, and accordingly, it is not obligated to cover Core for the underlying litigation until such time as Core has exhausted other insurance policies. (*See* Doc. 116-5). The Non-Primary Appendix B does not specifically refer to Artisan Park, or any project for that matter. (*Id.*)

**II.     Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive

---

[4] Artisan Club sued Core over alleged construction defects which implicate the Amerisure policy.

law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III. Analysis

There is plainly a disputed issue of material fact in this case—the parties cannot agree nor have they conclusively shown which of the two appendices was included in the contract between Tri-Tech and Amerisure. Most recently, the parties deposed a representative from the now defunct Tri-Tech to establish which Appendix B was the correct one. The Court has reviewed the transcript and finds that the witness's testimony was inconclusive in this regard. (*See* Doc. 116). This case cannot be decided without resolution of that question, accordingly, neither party is entitled to summary judgment.

It is therefore,

**ORDERED,** both motions for summary judgment (Docs. 60 and 78) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 10, 2014.

                                                                           **GREGORY A. PRESNELL**
                                                                           **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party